IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17CR293 BSM |
| | ) | |
| RALPH A. ROSS | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT RALPH A. ROSS'S
MOTION FOR SEVERANCE**

The United States of America, by and through its attorney, Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, and Liza Brown and Stephanie Mazzanti, Assistant United States Attorneys for said district, respectfully requests that the Court deny defendant Ralph A. Ross's Motion to Sever.

**I.      Background**

On September 3, 2019, a federal grand jury returned a Second Superseding Indictment (the "Indictment"), charging 53 Defendants with 32 counts related to their membership in, and association with, the New Aryan Empire ("NAE"), a violent criminal enterprise engaged in racketeering activity.  Nine defendants are charged in Count 1 of the Indictment with violating 18 U.S.C. § 1961(d), conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), by agreeing to engage in a pattern of racketeering activity from 2014 until the date of the Indictment.  The racketeering activity alleged includes multiple acts involving murder, in violation of Arkansas law; kidnapping, in violation of Arkansas law; witness tampering, in violation of 18 U.S.C. § 1512; retaliation against a witness, in violation of 18 U.S.C.§ 1513; and multiple offenses involving the distribution of and possession with intent to distribute controlled substances, specifically a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.  The Indictment also includes

violations of 18 U.S.C. § 1959, Violent Crimes in Aid of Racketeering ("VICAR").

Five of the seven defendants set for trial, including Ralph A. Ross, are charged in Count

10 of the Indictment, which alleges a violation of 21 U.S.C. §§ 841 and 846, Conspiracy to

Distribute and Possess with Intent to Distribute Narcotics.  In addition to forming the basis of

certain substantive counts, the narcotics trafficking conduct is alleged as overt acts as part of the

pattern of NAE's racketeering activity and NAE's means and methods of operation.

## II.    Severance

Ross moves to sever his trial from that of co-defendants Wesley Gullett, Marcus Millsap,

Carey Mooney, Christopher Buber, Lesa Standridge, and Dallas Standridge pursuant to Federal

Rules of Criminal Procedure 8 and 14.  This Court has previously denied motions to sever in this

case.  Ross has failed to establish improper joinder or real prejudice, and his motion must be

denied.

### A.    Joinder is Proper Under Fed. R. Crim. P. 8

An indictment may charge a defendant in multiple counts if the offenses are "of the same

or similar character, or are based on the same act or transaction, or are connected with or constitute

parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Two or more defendants may be

charged in the same indictment if they allegedly participated in the same act or transaction, or in

the same series of acts or transactions, constituting an offense or offenses."  *United States* v. *Davis*,

534 F.3d 903, 916 (8th Cir. 2008) (citing Fed. R. Crim. P. 8(b)).  The propriety of joinder under

these circumstances, however, is not contingent upon each defendant being charged in each count.

Fed. R. Crim. P. 8(b)*.*  Rather, it is sufficient if the "defendants [are] charged in one or more counts

together or separately."  *Id.*

2

The Federal Rules are to be "liberally construed in favor of joinder." *United States v. Robinson*, 781 F.3d 453, 460 (8th Cir. 2015) (citing *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011)); *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995)). "Importantly, not every defendant joined must have participated in every offense charged." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) ("We read Rules 8 and 14 in favor of joinder."). The Supreme Court "has long recognized that joint trials" are more favorable because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986). Additionally, joint trials promote efficiency, avoid the inequity of inconsistent verdicts, and increase the likelihood of a correct outcome. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (quoting in part *Darden*, 70 F.3d at 1528) ("Trying codefendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'"). Accordingly, there is a strong presumption against severing trials of those properly joined under Rule 8. *See United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009); *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008); *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004); *Delpit*, 94 F.3d at 1143.

The Eighth Circuit has determined that when a narcotics conspiracy is an overt act of the RICO conspiracy, severance is inappropriate. The Eighth Circuit has affirmed the denial of severing RICO counts from various drug counts, stating that the drug offenses were "embraced within defendants' common RICO activity" and the drug conspiracies "were part and parcel of the RICO violations." *United States v. Kragness*, 830 F.2d 842, 862 (8th Cir. 1987). The Indictment alleges that those involved in the RICO conspiracy distributed controlled substances to "promote,

support, and enhance" the criminal enterprise.  (DCD 1058, p. 11). Additionally, the indictment alleges that the object of the RICO conspiracy was accomplished through possession with the intent to distribute narcotics. (DCD 1058, p. 14).  Therefore, the drug conspiracy and substantive drug counts are relevant to the RICO conspiracy.

Similarly, in *Delpit*, 94 F.3d at 1143, the Eighth Circuit held that joinder was proper where all "defendants but Delpit were charged with the same, underlying drug conspiracy" and two defendants "hired Delpit to do a contract killing to increase their operation's prestige and profits[,]" even though Delpit was not included in the drug conspiracy and two other defendants "had nothing to do with the murder-for-hire plot[.]"  "[W]hen violence is part of the conspiracy's *modus operandi,* 'charges stemming from that violence are properly joined with the conspiracy charges, even if not all members of the conspiracy participated in the violence.'" *Id.*

Joinder was proper here. The evidence shows that Ross engaged in methamphetamine transactions with multiple co-defendants charged in Count 10, including, but not limited to, Kathrine Ross, Amos Adame, Daniel Adame, Brittanie Handley, James Scott Oliver, and Tony Heydenreich.  Co-defendant Kathrine Ross, Ross's daughter, engaged in narcotics transactions with multiple members of the conspiracy charged in Count 10, including Ralph Ross and Wesley Gullett, a source of supply. The United States intends to introduce wiretap intercepts between Kathrine and Ralph Ross; thus, the testimony necessary to admit wiretap communications as to Ralph Ross would have to be presented a second time if the Court were to grant Ross's motion. Additionally, the United States intends to elicit testimony from some potential witnesses against Ross regarding the criminal activities of other defendants pending trial; thus, severance may require these individuals to testify multiple times.

Ross's argument seems to imply that a conspiracy trial must be severed if those defendants who opt to go to trial had no direct narcotics dealings with one another; however, there is no authority to support such an assertion. Eighth Circuit Model Jury Instruction 5.06A-2 states, "A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement." Ross was a member of a narcotics conspiracy, and four other members of the same conspiracy are currently pending trial. Ross has failed to establish improper joinder under Federal Rule of Criminal Procedure 8, and his motion should be denied.

**B.     Ross Cannot Show "Real Prejudice" Under Fed. R. Crim. P. 14.**

A defendant who seeks severance under Rule 14 must show "real prejudice." *Davis,* 534 F.3d at 916. "To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.'" *Id.* at 916–17 (quoting *United States v. Mickelson,* 378 F.3d 810, 817–18 (8th Cir. 2004)). Thus, "[s]everance is appropriate 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) (quoting in part *Zafiro*, 506 U.S. at 539).

The burden is on the defendant to establish that a jury could not "compartmentalize the evidence with respect to different defendants due to a 'prejudicial spillover effect' between the cases against them," "or that one defendant's defense conflicts with that of another and that the jury is likely to infer from this conflict alone that both are guilty." *United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006) (quoting *United States v. Lueth*, 807 F.2d 719, 731 (8th Cir. 1986);

*United States v. Ortiz*, 315 F.3d 873, 898 (8th Cir. 2002)).  Here, it appears that Ross only relies on the alleged spillover effect.

Merely showing that one's odds of acquittal would improve if tried separately is insufficient.  *See id.* (citing *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002).  Rather, the defendant must establish that "the benefits [of joinder] are outweighed by a clear likelihood of prejudice."  *United States v. Clay*, 579 F.3d 919, 927 (8th Cir. 2009) (quoting *Boone*, 437 F.3d at 837).

Prejudice rising to this level is found only in "unusual case[s]."  *Id.* (quoting *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009)).  This is especially true whenever defendants are co-conspirators, as in this case. "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *Spotted Elk*, 548 F.3d at 658 (quoting *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002)); *see also United States v. Kehoe*, 310 F.3d 579, 590 (8th Cir. 2002) (same).

In *Delpit*, the Eighth Circuit upheld the denial of a severance motion where co-defendants argued that they were prejudiced "by the extra courtroom security, the gang affiliations and disruptive courtroom behavior of some defendants, the spillover taint of the murder-for-hire charges and the evidence relating to those charges, and by publicity and paranoia about 'black gang-crime' in the Twin Cities." 94 F.3d at 1143.  The Eighth Circuit found, "Severance is not required merely because evidence which is admissible only against some defendants may be damaging to others, *United States v. Blum,* 65 F.3d 1436, 1444 (8th Cir. 1995) . . .; or because co-defendants engage in disrespectful behavior in court, *cf. United States v. Garrett,* 961 F.2d 743, 745–46 (8th Cir. 1992) (odd and disruptive behavior of co-defendant's counsel was not so

prejudicial as to require severance); or because the joint trial requires enhanced courtroom security. *See Blum,* 65 F.3d at 1444." *Id.* at 1143-44.

"[P]ersons charged in a conspiracy or jointly indicted on similar evidence for the same or related events should be tried together." *Lewis*, 557 F.3d at 609 (quoting *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988)). That evidence may be stronger against one co-conspirator than another does not require otherwise. *See id.* at 610; *Spotted Elk*, 548 F.3d at 658 ("[D]isparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction.").

As for his concern with the jury being able to compartmentalize the evidence against him, spillover fears are commonplace and "rarely sufficient to constitute 'substantial prejudice.'" 43 GEO. L.J. ANN. REV. CRIM. PROC. 344 (2014); *see, e.g.*, *United States v. Sandstrom*, 594 F.3d 634, 645-46 (8th Cir. 2010); *Spotted Elk*, 548 F.3d at 658; *Boone*, 437 F.3d at 838; *Hively*, 437 F.3d at 766; *United States v. Adams*, 401 F.3d 886, 894-95 (8th Cir. 2005); *Mickelson*, 378 F.3d at 818; *Flores*, 362 F.3d at 1042; *Frazier*, 280 F.3d at 844. Contrary to Ross's argument, the Eighth Circuit has repeatedly held that such concerns are "best cured" by limiting instructions. *Mickelson*, 378 F.3d at 818 ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions"); *see also Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."); *Boone*, 437 F.3d at 838 ("Where multiple defendants are tried together, the risk of undue prejudice is best cured by thorough cautionary instructions to the jury[.]"); *Davis,* 534 F.3d at 916–17 ("Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'"). And this Court may presume that a jury will follow its instructions to this end.

7

*See Delpit*, 94 F.3d at 1144 (district court repeatedly instructed the jury that the murder-for-hire evidence was admissible only against defendants charged with interstate murder-for-hire).

Ross also requests that the Court consider his right to a speedy trial.  The docket reflects that Ross moved for a continuance on April 16, 2018.  (Doc. No. 477).  Ross joined in the motion to continue filed September 11, 2019, as counsel for Ross advised that Ross was in the hospital and counsel was unable to prepare with him. (Doc. No. 1135).  On January 4, 2021, the United States filed a status report at the direction of the Court, wherein Ross's position was that, although he did not intend to request a continuance, he did not have extraordinary circumstances to present to the Court in accordance with Administrative Order Ten.  (Doc. No. 1866).

On January 6, 2021, Ross was arrested by state law enforcement based on allegations that he punched his girlfriend, tried to "choke her out" until the victim "felt that her neck was going to snap," and held her head against the headboard of the bed causing a black eye, which was observed by officers along with fresh bruising on her neck. Ross is currently in state custody on those charges, and a revocation petition has been filed resulting in the issuance of a federal warrant.  The Court has scheduled the trial of this matter to begin on September 7, 2021.

The Eighth Circuit has held that subjecting all defendants to a single controlling speedy trial clock "comports with the purpose of section 3161(h)(7), which is to "insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion." *United States v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007) (quoting *United States v. Monroe,* 833 F.2d 95, 100 (6th Cir. 1987)) (citing *United States v. Vega Molina,* 407 F.3d 511, 532 (1st Cir. 2005) (noting that the purpose of section 3161(h)(7) is to "prevent the Speedy Trial Act from becoming a sword that can be used to shred the joinder rules"), *cert. denied sub nom.*

*Zuniga-Bruno v. United States,* --- U.S. ----, 126 S.Ct. 296, 163 L.Ed.2d 258 (2005)).  Here, to date, severance has not been granted.  As set forth above, the defendants were properly joined under Rule 8, and Ross has failed to establish real prejudice under Rule 14.  Ross should not be allowed to use Speedy Trial Act claims as a "sword" to "shred the joinder rules."  To hold otherwise risks setting a precedent resulting in the erosion of judicial economy in drug conspiracy cases in this district and is contrary to Eighth Circuit precedent regarding joinder in such cases.  While it may be more convenient to Ross to have a separate trial, the Court would be required to impanel an entirely separate jury, the United States would have to call witnesses multiple times to testify, and the goals of increasing the likelihood of a correct outcome would be undermined.

## III.    Conclusion

It is well-settled that there is a preference "for joint trials of defendants jointly indicted, particularly where conspiracy is charged." *United States v. Jackson,* 549 F.2d 517, 525 (8th Cir. 1977).  Holding a single trial with all co-conspirators gives the jury the full picture while ensuring judicial economy.  Fears of spillover prejudice do not overcome the "strong presumption" against severing properly joined defendants.  *Lewis*, 557 F.3d at 609.  Ross has not met his burden of demonstrating his case to be the "rare case" where properly joined co-conspirators must be tried separately.  *Spotted Elk*, 548 F.3d at 658.

For the foregoing reasons, the United States respectfully submits that Defendant Ralph A. Ross's Motion for Severance should be denied.

9

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney for the
Eastern District of Arkansas

By:     LIZA JANE BROWN
        AR Bar Number 2004183
        STEPHANIE MAZZANTI
        AR Bar Number 2006298
        Assistant U.S. Attorneys
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        Liza.Brown@usdoj.gov
        Stephanie.Mazzanti@usdoj.gov