IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

v.                              CASE NO. 4:17-CR-00293-BSM-24

**RALPH ROSS**                                                                              **DEFENDANT**

**ORDER**

Ralph Ross's motion to sever [Doc. No. 1902] is denied.

I. BACKGROUND

Ross was indicted for conspiracy to possess with intent to distribute and to distribute methamphetamine. Doc. No. 1058 at 28–30. In addition to narcotics conspiracy, Ross's remaining co-defendants are charged with various firearms, RICO, and VICAR offenses. Ross moves to sever.

II. LEGAL STANDARD

Generally, individuals "'charged in a conspiracy should be tried together.'" *United States v. Henderson-Durand*, 985 F.2d 970, 975 (8th Cir. 1993) (quoting *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir. 1977)). Severance is appropriate when a defendant would be severely prejudiced, *see United States v. Davis*, 534 F.3d 903, 916 (8th Cir. 2008), but it is not required simply because there is more damaging evidence against one co-defendant than another, *see Jackson*, 549 F.2d at 525. Further, juries are able to compartmentalize evidence against individual defendants and are presumed to follow courts' instructions. *See United States v. Weckman*, 982 F.3d 116, 1174 (8th Cir. 2020).

III. DISCUSSION

Ross argues that there are no allegations that he "received or provided drugs to any of the other defendants remaining." Doc. No. 1903 at 3. He argues that he would be severely prejudiced at trial because his co-defendants are alleged to be members of the New Aryan Empire. *Id*. He says that allegations of white supremacy and violence have nothing to do with his case, "but have a tremendous potential to prejudice his trial." *Id*. at 4. Moreover, Ross argues that given the issues presented by COVID-19 and the number of defendants and lawyers involved, it is likely that the trial would be further continued and last several weeks. If his case was severed, he argues, his trial would last three days and could be dealt with more easily. *Id*. at 4–5.

The government argues that severance is unwarranted because careful jury instructions could be given and because "[m]erely showing that one's odds of acquittal would improve if tried separately is insufficient." Doc. No. 1919 at 6. The government also argues that holding a single trial would conserve resources since some of the same witnesses would be called to testify in separate trials. *Id*. at 4.

Ross's motion is denied since not all members of a conspiracy need to have participated in violence, in order for charges stemming from that violence to be properly joined with the conspiracy charges. *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)). Ross may not be charged with violent offenses, but a "joint trial is permissible even if all conspirators did not participate in a killing where violence is a modus operandi of a

conspiracy and the action was committed in furtherance of the conspiracy." *United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997) (citing *Delpit*, 94 F.3d at 1143)).  Ross is charged with narcotics conspiracy, as are his co-defendants.  Any spillover prejudice from his co-defendants' RICO or VICAR charges is best cured with jury instructions.  *See United States v. Adams*, 401 F.3d 886, 895 (8th Cir. 2005).

### IV. CONCLUSION

For the foregoing reasons, Ross's motion to sever [Doc. No. 1902] is denied.

IT IS SO ORDERED this 8th day of February, 2021.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE